### Jewitt v. Jewitt.

*(Supreme Court, Special Term, Albany County.  September, 1888.)*

JUDGMENT—OPENING AND VACATING—WRITS—SERVICE BY PUBLICATION.

On motion to set aside judgment in an action instituted by publication of summons it appeared from defendant's affidavits that plaintiff, before the institution of the action, was in the city where defendant lived, and had conversations with her there, and that he knew that she lived there.   These allegations were not denied by plaintiff.   It also appeared that defendant met plaintiff frequently, after the action was commenced, and was not informed of its pendency, and knew nothing of it till after decree.   The affidavit upon which publication of summons was or-

dered contained no evidence, as required by Code Civil Proc. § 440, that plaintiff could not with reasonable diligence ascertain where defendant would probably receive mail matter. *Held*, that all the proceedings should be set aside.

On motion to set aside a judgment.
*Calen R. Hitt*, for plaintiff,  *William North*, for defendant.

LEARNED, J.  There is no evidence whatever in the affidavits on which the order of publication was granted that the plaintiff could not with reasonable diligence ascertain a place where the defendant would probably receive matter transmitted through the post-office.  Code, § 440.  The defendant's allegation, in her moving affidavits, that in 1887 the plaintiff was at Hartford, and had frequent conversation with her there, and that he knew that she resided in Hartford; that he stayed with their daughter in Hartford, and had correspondence with her son there, are not denied by plaintiff.  The order of publication was obtained in December, 1887, and served by publication that month.  In March, 1888, and till June, 1888, defendant was in West Troy, plaintiff's residence, and was at the same house where plaintiff lived, and, although she thus met plaintiff frequently, she was not informed that this action had been commenced, and she never knew of its pendency till after the decree, in August, 1888.  The plaintiff lived in Albany county, and the place of trial should have been there.  Code, 984.  It was placed in Saratoga county.  The publication of the summons was in two Ballston papers.  The report of the referee does not mention the name of the person with whom the alleged adultery was committed at plaintiff's house, and as to that alleged to be committed in Troy only says, "a man by the name of Nichols."  I cannot doubt, on these papers, that the plaintiff knew where the defendant lived when he obtained the order, or at least where she would probably receive mail matter, and that he intended that she should know nothing of the action till after judgment; and his affidavit to obtain publication was plainly defective on its face.  The order of reference, and all proceedings thereunder, the report of the referee, and the judgment entered thereon, are set aside, with $10 costs, and the defendant may come in and answer or demur within 20 days after service of a copy of the complaint on her attorney.